UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 12-43956

Shanta Corp. d/b/a St. Anne's                             Chapter 11
Convalescent Center, *et. al.*,[1]                        Jointly Administered

          Debtors.                     Hon. Thomas J. Tucker
_____/

**STIPULATED EX PARTE MOTION FOR ENTRY OF ORDER GRANTING
SECOND MODIFICATION OF DEBTORS' SECOND AMENDED
COMBINED PLAN AND DISCLOSURE STATEMENT**

The above-captioned Debtors' *Second Amended Combined Plan and Disclosure Statement* (DNs 192-202) (the "Plan") was confirmed in the *Confirmation Order* (DN 245)[2] on September 7, 2012, as modified by the *Order Approving Stipulation Regarding Debtors' Second Amended Combined Plan and Disclosure Statement* (DN 268). The Debtor and the below-signed stipulating parties hereby agree, stipulate, and move the Court as follows:

1. The Plan provided that the Debtor St. Anne may, but was not required to, sell certain bed licenses at a specific price to a non-insider and to pay to certain parties certain amounts as enumerated in the Confirmation Order.

2. As a result of an increased amount of taxes owing the payment of which is necessary to obtain the required approvals to effectuate the sale, certain contemplated distribution amounts were required to be changed.

---

[1] The Debtors in these jointly administered cases are Shanta Corporation d/b/a St. Anne's Convalescent Center ("St. Anne's") (Bankr. Case No. 12-43956), Cadillac Nursing Home, Inc. d/b/a St. Francis Nursing Center ("St. Francis") (Bankr. Case No. 12-43957) and St. Jude Nursing Center, Inc. ("St. Jude") (Bankr. Case No. 12-43959).

[2] Terms not defined herein shall have the meanings ascribed to them in the *Confirmation Order*.

{00453823.1}

3. Furthermore, the buyer of the bed licenses required greater specificity with respect to the obligation of parties claiming lien interests in the licenses to discharge such interests in connection with the sale such that the licenses could be sold free and clear of interests.

4. Therefore, the Debtor prepared this stipulation and obtained the necessary stipulations of the involved parties as set forth below.

5. Sub-paragraph 14(b) of the *Confirmation Order* shall now read in its entirety as follows:

> Administrative expense priority claims (for a portion of the Allowed Claims of professional fee claimants):
>
> i. Debtors' counsel - $25,000.00
> ii. Creditor's Committee counsel - $4,500.00
> iii. Debtors' counsel (Medicaid Reimbursement Counsel) - $4,500.00

6. Sub-paragraph 14(c) of the Confirmation Order shall now read in its entirety as follows:

> Green Mountain shall receive $103,333.25 of any sale proceeds. Without limitation, Green Mountain may use such funds to bring the loan current, allocating the payment to: (i) penalties (limited to $25,000); (ii) attorney fees and costs (to the extent of approximately $54,092.50 plus any reasonable additional attorney's fees and costs accruing prior to the closing of any such sale); and (iii) past-due postpetition interest payments, if any.

7. In consideration of Green Mountain's agreement to the terms hereof, the Debtor hereby agrees that the Debtor's management company shall hereinafter be entitled to only 50% of their management fee, and that furthermore the management company's principal, Roger Mali, may not be paid any compensation or otherwise from such reduced fee.

8. Green Mountain and the Committee stipulate and agree that they will file, and hereby authorize and permit the filing of, any required documents to effectuate the release of any and all liens asserted against the Bed Licenses.

9. The Internal Revenue Service agrees to execute and deliver to the purchaser of the Bed Licenses the attached *Notice of Partial Release of Federal Tax Lien* (*see* Exhibit 1 attached hereto) evidencing the release of its liens on the Bed Licenses.

10. The Effective Date shall hereby be deemed to occur on the date of the closing of the Sale of the Bed Licenses, which shall on that date be confirmed by the Debtor to the parties hereto.

11. Within seven (7) days of the closing of the Sale of the Bed Licenses, the Debtors will file a motion to close these bankruptcy cases.

12. Cause exists for the Court to grant the relief requested herein pursuant to 11 U.S.C. § 1127(b). Subject to this Court's approval, parties adversely and materially affected by a "post-confirmation/pre-substantial consummation" modified plan may consent to same, whereby rendering unnecessary the notice and hearing requirement. *In re Teton Energy Corp.*, 2010 Bankr. LEXIS 3275, at *34 (Bankr. D. Del. 2010). Furthermore, inconsequential modifications to a plan do not warrant notice and a hearing, as long as they do not raise constitutional "due process" concerns. *Fin. Sec. Assurance, Inc. v. T-H New Orleans Ltd., P'ship (In re T-H New Orleans Ltd., P'ship)*, 188 B.R. 799, 809 (E.D. La. 1995), aff'd, 116 F.3d 790; *see generally In re Dow Corning Corp.*, 237 B.R. 374, 379 (Bankr. E.D. Mich. 1999) (pertaining to a pre-confirmation modification and quoting 4 Norton Bankruptcy Law & Practice 2d § 94:1, p. 167, "[c]ourts do not require notice of a modification if the modification does not adversely change a claimant's treatment. To enforce a literal interpretation of the Code and require formalistic

notice when the modifications are not substantial would needlessly delay confirmation and heighten the risk of a plan's failure.")

13. The requested modifications to the Plan only impact Green Mountain Finance Fund, LLC, the Internal Revenue Service, the Committee, and the professional administrative expense claimant firms of Schafer and Weiner, PLLC, Klehr Harrison Harvey Branzburg, LLP and Brian Kaser, PLC. All of these parties consent to the proposed modifications.

14. Furthermore, none of the proposed modifications substantively impact the rights of any parties in interest in this case other than the consenting parties herein.

15. In light of the foregoing, the parties submit that the Court may approve the proposed modifications without notice and a hearing and enter the attached order.

16. To the extent that anything in the order approving this stipulation conflicts with the *Confirmation Order* (DN 245) or the *Order Approving Stipulation Regarding Debtors' Second Amended Combined Plan and Disclosure Statement* (DN 268), the terms of the order approving this stipulation control.

17. Notwithstanding anything herein or in the Confirmation Order, the Plan treatment of the United States Trustee shall be pursuant to sections 2.1 and 9.1 of the Plan.

WHEREFORE, the Debtor and the parties below hereby respectfully request that the Court enter the order attached hereto as Exhibit A.

SCHAFER AND WEINER, PLLC

By: */s/ Brendan G. Best*
    MICHAEL E. BAUM (P29446)
    BRENDAN G. BEST (P66370)
    40950 Woodward Ave., Ste. 100
    Bloomfield Hills, MI 48304
    (248) 540-3340
    bbest@schaferandweiner.com
    *Counsel for Debtors*

**AGREED AND STIPULATED TO:**

| | |
|---|---|
| **SCHAFER AND WEINER, PLLC** | **INTERNAL REVENUE SERVICE** |
| By: */ s / Brendan G. Best* <br>    MICHAEL E. BAUM (P29446) <br>    BRENDAN G. BEST (P66370) <br>    40950 Woodward Ave., Ste. 100 <br>    Bloomfield Hills, MI 48304 <br>    (248) 540-3340 <br>    bbest@schaferandweiner.com <br><br> *Attorneys for Debtors, and on behalf of Schafer and Weiner, PLLC as administrative priority expense claimant* | By:*/ s / John W. Stevens* <br>    JOHN W. STEVENS (P58184) <br>    Special Assistant U.S. Attorney <br>    500 Woodward Ave., Ste. 1300, Stop 31 <br>    Detroit, MI 48226 <br>    (313) 628-3114 <br>    John.W.Stevens@irscounsel.treas.gov <br><br> *Attorneys for the Internal Revenue Service* |
| Dated: June 27, 2013 | Dated: June 27, 2013 |
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS** | **GREEN MOUNTAIN FINANCE FUND, LLC** |
| By:*/ s / Richard M. Beck* <br>    RICHARD M. BECK <br>    1835 Market Street <br>    Philadelphia, PA 19103 <br>    (215) 569-2299 <br>    rbeck@klehr.com <br><br> *On behalf of Klehr Harrison Harvey Branzburg LLP as administrative priority expense claimant and as Counsel for the Official Committee of Unsecured Creditors* | By:*/ s / Charles D. Bullock* <br>    CHARLES D. BULLOCK (P55550) <br>    26100 American Dr., Ste. 500 <br>    Southfield, MI 48034 <br>    (248) 354-7906 <br>    cbullock@sbplclaw.com <br><br> *Attorneys for Green Mountain Finance Fund, LLC* |
| Dated: June 27, 2013 | Dated: June 27, 2013 |
| **BRIAN KASER PLC** | |
| By: */s/ Brian A. Kaser* <br>    BRIAN A. KASER (P29591) <br>    721 N. Capitol Ave., Ste. 2 <br>    Lansing, MI 48906 <br>    (517) 374-9008 <br>    briankaser@kaserlaw.com <br><br> *Special Counsel to the Debtors, on behalf of Brian Kaser PLC, administrative priority expense claimant* | |
| Dated: June 27, 2013 | |

{00453823.1}