UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 12-43956

Shanta Corp. d/b/a St. Anne's  Chapter 11
Convalescent Center,  Jointly Administered

        Debtor.  Hon. Thomas J. Tucker
_____/

## MOTION TO CLOSE BANKRUPTCY CASES[1]

Debtors, for their Motion to Close Bankruptcy Cases ("Motion to Close"), state as follows:

### JURISDICTION / VENUE

1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 & 1334.

2. Venue in this District and before the Court is proper under 28 U.S.C. §§ 1408 & 1409.

### BACKGROUND

3. On February 22, 2012, Debtors filed their voluntary petitions under chapter 11 of the United States Bankruptcy Code.

4. Debtors subsequently remained in possession of their assets, and continued to operate and manage their businesses as debtors-in-possession under 11 U.S.C. §§ 1107 & 1108.

5. On July 16, 2012, Debtors filed their second amended combined plan of reorganization and disclosure statement ("Plan") (Docket No. 192)[2].

---

[1] Debtors in these jointly administered cases are Shanta Corporation d/b/a St. Anne's Convalescent Center ("St. Anne's") (Case No. 12-43956), Cadillac Nursing Home, Inc. d/b/a St. Francis Nursing Center ("St. Francis") (Case No. 12-43957) and St. Jude Nursing Center, Inc. ("St. Jude") (Case No. 12-43959). This Motion to Close is being contemporaneously filed in each of these bankruptcy cases.

[2] Docket references are to the lead case (Case No. 12-43956).

{00455106.1}

6. On September 7, 2012, the Court entered the order confirming Debtors' Plan ("Confirmation Order") (Docket No. 245).[3]

7. On January 4, 2013, the Court entered its order approving a stipulation of the Official Committee of Unsecured Creditors, the Wayne County Treasurer, and Debtors, whereby modifying the Confirmation Order to resolve then-existing issues ("First Stipulated Order") (Docket No. 268).

8. On June 27, 2013, Debtors filed their *ex parte* motion to again modify the Confirmation Order, wherein the Internal Revenue Service, the Official Committee of Unsecured Creditors, Green Mountain Finance Fund, LLC, and Brian Kaser PLC stipulated to the final resolution of all outstanding matters (Docket No. 319). On June 28, 2013, the Court entered its order granting the stipulated motion, therein (1) recognizing the Effective Date as occurring on the date of the closing of the Sale of the Bed Licenses and (2) requiring Debtors to file this motion to close these bankruptcy cases within seven days of the Effective Date ("Second Stipulated Order," and together with the Confirmation Order and the First Stipulated Order, the "Orders") (Docket No. 321).

9. Said Sale of the Bed Licenses and the occurrence of the Effective Dae having occurred on July 2, 2013, Debtors now file their Motion to Close pursuant to the Second Stipulated Order.

## RELIEF REQUESTED

10. 11 U.S.C. § 350(a) and Fed.R.Bankr.P. 3022 require the closing of a chapter 11 bankruptcy case after an estate has been "fully administered."

---

[3] Terms not defined herein shall have the meaning ascribed to them in the Orders.

{00455106.1}　　　　　　　　　　2

11. Although neither § 350(a) or Rule 3022 define "fully administered," the Sixth Circuit Court of Appeals recognizes certain non-exclusive factors in determining whether an estate has been fully administered:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.), 43 Fed. Appx. 820, 822 (6th Cir. 2002) (citation and quotation omitted).

12. A court should review motions to close chapter 11 bankruptcy cases on a case-by-case basis utilizing the non-exclusive Spierer factors, "along with any other relevant factors, in determining whether an estate has been fully administered. However, not all the [Spierer] factors . . . need to be present to establish that a case is fully administered for final decree purposes." Id. (citations, quotations, & internal punctuation marks omitted).

13. An analysis of the non-exclusive Spierer factors show that Debtors' chapter 11 bankruptcy cases have been "fully administered" under § 350(a) and Rule 3022:

    a. *"Whether the order confirming the plan has become final."* Spierer, 43 Fed. Appx. at 822.

The Orders became final on these respective dates: the Confirmation Order on September 7, 2012; the First Stipulated Order on January 4, 2013; and the Second Stipulated Order on June 28, 2013.

b. *"Whether deposits required by the plan have been distributed."* Spierer, 43 Fed. Appx. at 822.

The only "deposit" required under the Plan is the Plan Monitor deposit[4], which Debtors distributed to the Escrow Agent this date.

c. *"Whether the property proposed by the plan to be transferred has been transferred."* Id.

Debtors transferred their property proposed by the Plan to the Reorganized Debtors on the Effective Date of July 2, 2013. (See Plan Article 8.1.) Further the Plan authorized, but did not require, the Sale of the Bed Licenses and the distribution of the sale proceeds; both having already occurred as authorized under the Orders.

d. *"Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan."* Spierer, 43 Fed. Appx. at 822.

Reorganized Debtors under the Plan assumed the businesses and management of the property dealt with by the Plan on the Effective Date of July 2, 2013. (See Plan Articles 5.9 & 8.1.)

e. *"Whether payments under the plan have commenced."* Spierer, 43 Fed. Appx. at 822.

As required by the Orders, payments under the Plan have commenced, e.g., the following creditors began receiving payments on or about their respective dates: Green Mountain, October 1, 2012; the Michigan Treasury, December 1, 2012; and the Wayne County Treasurer, January 15, 2013. Other payments that are scheduled to commence after the Effective Date include those to Riverbank and the IRS and on Unsecured and Allowed Insider Secured Claims. (See Plan Article 3.)

---

[4] As recognized in the First Stipulated Order and commemorated in the "Escrow Agreement" dated January 11, 2012, between Bamback Advisors ("Plan Monitor"), Maddin Hauser Wartell Roth & Heller, P.C. ("Escrow Agent"), and Debtors.

{00455106.1} 4

> f. *"Whether all motions, contested matters, and adversary proceedings have been finally resolved."* Spierer, 43 Fed. Appx. at 822.

The only pending matters in these cases as of the date of this filing are technically the United States Trustee's motions to convert these cases to chapter 7, which the Trustee indicates that she will withdraw as soon as payments made by Debtors on the date of this filing post on the Trustee's accounts. All other matters are finally resolved.

14. Given that the bankruptcy estates have been fully administered, § 350(a) and Rule 3022 require the closing of these chapter 11 bankruptcy cases.

**WHEREFORE**, Debtors request that this Honorable Court enter an order in the form of Exhibit A granting Debtors' Motion to Close Bankruptcy Cases and grant such other relief as is just and equitable to Debtors.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ Brendan G. Best
MICHAEL E. BAUM (P29446)
BRENDAN G. BEST (P66370)
Counsel for Debtors
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340

Dated: July 9, 2013 bbest@schaferandweiner.com

<u>**EXHIBIT 1**</u>

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 12-43956 |
| Shanta Corp. d/b/a St. Anne's<br>Convalescent Center, | Chapter 11<br>Jointly Administered |
| Debtor._____/ | Hon. Thomas J. Tucker |

<u>**ORDER GRANTING MOTION TO CLOSE BANKRUPTCY CASES**</u>[1]

The Court having reviewed Debtors' Motion to Close Bankruptcy Cases ("<u>Motion to Close</u>"); having determined that the Motion to Close satisfies the requirements of 11 U.S.C. § 350(a) and Fed.R.Bankr.P. 3022; and being fully advised in the premises;

**IT IS HEREBY ORDERED** that Debtors' bankruptcy cases are CLOSED.

---

[1] Debtors in these jointly administered cases are Shanta Corporation d/b/a St. Anne's Convalescent Center ("<u>St. Anne's</u>") (Case No. 12-43956), Cadillac Nursing Home, Inc. d/b/a St. Francis Nursing Center ("<u>St. Francis</u>") (Case No. 12-43957) and St. Jude Nursing Center, Inc. ("<u>St. Jude</u>") (Case No. 12-43959). Debtors contemporaneously filed their Motion to Close in each of these bankruptcy cases.

# EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: | Case No. 12-43956 |
| Shanta Corp. d/b/a St. Anne's Convalescent Center, [1] | Chapter 11<br>Jointly Administered |
| Debtor. | Hon. Thomas J. Tucker |
| _____/ | |

### NOTICE OF MOTION TO CLOSE BANKRUPTCY CASES

**PLEASE TAKE NOTICE** that on July 9, 2013, Debtor filed a Motion to Close Bankruptcy Cases (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, pursuant to L.B.R. 9014-1(b)(2)(E.D.M.), within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[2]

   United States Bankruptcy Court
   211 W. Fort Street, Suite 2100
   Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it within the time period stated above.

You must also mail a copy to:

Brendan G. Best
Schafer and Weiner, PLLC
40950 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304

---

[1] Debtors in these jointly administered cases are Shanta Corporation d/b/a St. Anne's Convalescent Center ("St. Anne's") (Case No. 12-43956), Cadillac Nursing Home, Inc. d/b/a St. Francis Nursing Center ("St. Francis") (Case No. 12-43957) and St. Jude Nursing Center, Inc. ("St. Jude") (Case No. 12-43959). This Motion to Close is being contemporaneously filed in each of these bankruptcy cases.

[2] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

{00455170.1}

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ Brendan G. Best
MICHAEL E. BAUM (P29446)
BRENDAN G. BEST (P66370)
Counsel for Debtors
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340

Dated: July 9, 2013
bbest@schaferandweiner.com

# EXHIBIT 3

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:                                    Case No. 12-43956

Shanta Corp. d/b/a St. Anne's             Chapter 11
Convalescent Center, [1]                  Jointly Administered

        Debtor.                           Hon. Thomas J. Tucker
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2013, I electronically filed a Motion to Close Bankruptcy Cases and a Notice to Respond to Motion to Close Bankruptcy Cases with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel currently included on the Court's Electronic Mail Notice List.

---

/s/ Pamela Jozwiak, Legal Assistant
MICHAEL E. BAUM (P29446)
BRENDAN G. BEST (P66370)
Schafer and Weiner, PLLC
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Telephone: (248) 540-3340
**COUNSEL FOR DEBTOR**

---

[1] Debtors in these jointly administered cases are Shanta Corporation d/b/a St. Anne's Convalescent Center ("St. Anne's") (Case No. 12-43956), Cadillac Nursing Home, Inc. d/b/a St. Francis Nursing Center ("St. Francis") (Case No. 12-43957) and St. Jude Nursing Center, Inc. ("St. Jude") (Case No. 12-43959). This Motion to Close is being contemporaneously filed in each of these bankruptcy cases.